UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS and THE TRUSTEES THEREOF,**<br><br>Petitioners,<br><br>v.<br><br>**NORTHEAST CONSTRUCTION ENTERPRISES, INC.,**<br><br>Respondent. | Civil Action No. 09-2040<br><br>ORDER<br><br>HON. WILLIAM J. MARTINI |

**ORDER**

**I.   BACKGROUND**

This action was opened by Petitioners on April 30, 2009 as a petition to confirm an arbitration award. (Doc. No. 1.) Respondent failed to respond. On June 17, 2009, the Court issued an order granting the petition, (Doc. No. 3), and issued a separate *final* judgment for $6,116.85 in favor of Petitioners and against Respondent, (Doc. No. 4). The case was terminated on the Court's docket as of June 17, 2009.

Petitioner thereafter served the order and judgment on Respondent and demanded payment, or, in lieu thereof, that Respondent appear at a deposition. Respondent did neither. *See* Monica Cert. ¶¶ 4-5, (Doc. No. 5-3).

On September 2, 2009, Petitioner filed the instant motion seeking to have Mr. John

Plewinski arrested and held in contempt for Respondent's failure to pay the judgment or otherwise attend the deposition. *See* Contempt Motion, (Doc. No. 5). Again, Respondent filed no response. Petitioners' filings characterize Plewinski as Respondent's "corporate principal." Monica Cert. ¶ 2 (Doc. No. 5-3 at 1).

Plewinski was not a named defendant in this action. His name does not appear on the docket. His name is not on the Court's judgment. (Doc. No. 4.) Petitioners' brief makes no legal argument and cites no legal authority for holding him personally accountable for Respondent's failure to pay the judgment debt. Moreover, there is no indication that Plewinski, as opposed to Respondent, was ever personally served with the instant motion for contempt sanctions.[1]

## II.   LEGAL STANDARD

"In order to hold a litigant in [civil] contempt, the movant must produce clear and convincing evidence that shows that [the proposed contemnor] violated a definite and

---

[1] *See generally Peacock v. Thomas*, 516 U.S. 349, 359 (1996) ("The [Federal] Rules cannot guarantee payment of every federal judgment. But as long as they protect a judgment creditor's ability to execute on a judgment [on the debtor], the district court's authority is adequately preserved, and ancillary jurisdiction is not justified ...."); *IFC Interconsult, AG v. Safeguard Intern. Partners, LLC.*, 438 F.3d 298, 314 (3d Cir. 2006) (holding that a "Rule 69 action, by its very nature, piggybacks on an action establishing liability and has a derivative status. Moreover, the Rule 69 action can be initiated under the original suit years after the original complaint was filed."). *See generally* L.R. 65.1 (discussing order to show cause).

specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (quotation marks omitted); *see also John T.* ex rel. *Paul T. v. Del. County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (In order to find a party in civil contempt, the court "must find that (i) a valid court order existed, (ii) the [party] had knowledge of the order, and (iii) the [party] disobeyed the order") (quoting *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)).

### III. ANALYSIS

Here the underlying order of this Court does not name Plewinski. He is not a named party. There is authority for binding certain corporate officials to court orders issued against named parties which are corporate defendants. *See, e.g.*, *Wilson v. United States*, 221 U.S. 361, 376 (1911) (holding that board members are bound by court order issued against corporate defendant). There is authority extending *Wilson*'s holding from board members to corporate officers. *See, e.g.*, *Elec. Workers*, 240 F.3d at 380 (applying *Wilson*'s holding to corporate officers); *see also, e.g.*, *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000) (holding that an order directed against corporate defendant is binding against a sole shareholder even if not named as a defendant). It is not clear that Plewinski is either a director or officer of the respondent corporation. Petitioners' papers describe him as a "corporate principal." The scope of this term is uncertain, and, in any event,

-3-

Petitioners' put forward no clear and convincing evidence and make no argument establishing Plewinski as the sort of corporate official, board member or officer, customarily bound by court orders running against corporate defendants. That is sufficient reason to deny the motion.

More importantly, a court will only hold a party in civil contempt if the party acted with knowledge of the court's order. *Elec. Workers*, 240 F.3d at 382; *Del. County Intermediate Unit*, 318 F.3d at 552. Petitioners' filings do not make any showing in regard to Plewinski's knowledge, much less establish Plewinski's knowledge by the clear and convincing standard. *See generally*, *N.J. Bldg. Laborers Statewide Ben. Funds & Trustees Thereof v. Torchio Bros., Inc.*, Civil Action No. 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009) (Rodriguez, J.) (requiring "Petitioner [to] produce clear and convincing evidence showing that the Respondent had knowledge of the [prior] order" as a prerequisite to granting contempt). Petitioners state that they served the underlying order on Respondent by certified mail which was returned signed by a representative of the Employer. *See* Monica Cert. ¶¶ 5-6, (Doc. No. 5-3 at 2). Service made on the corporate defendant does not, without more establish, that the "corporate principal" had actual knowledge of the order which he is alleged to have disobeyed. Plewinski was not personally served. Even were the Court to hold that Plewinski were presumptively aware of the order because the order was served on the corporation and knowledge of such service is attributed to the corporate principal, it would appear that such a presumption does not, without more, constitute clear and convincing

evidence.

Finally, the Court notes that it appears to be the practice in this District that where a petitioner seeks to hold a corporate official in contempt for failing to comply with an extant court order directed at the corporate entity, the preferred vehicle used by petitioners, in such circumstances, is an order to show cause, rather than a contempt motion. (Doc. No. 5.) Before granting such an order to show cause, a petitioner must make some showing, which if proven, would establish by clear and convincing evidence the three elements of civil contempt (i.e., an extant valid court order, the proposed contemnor had knowledge of the order, and the proposed contemnor failed to obey the order). The showing, usually in the form of a certification, must allege that the proposed contemnor is a corporate official (of the sort one could fairly hold responsible for failing to comply with the court order) and that the corporate official had actual notice of the outstanding order. If granted, the order to show cause must be served on the proposed contemnor.

## IV.  CONCLUSIONS

For the reasons elaborated above, the Court will dismiss the motion without prejudice.

                                              s/ William J. Martini  
                                              **William J. Martini, U.S.D.J.**

DATE: December 8, 2009